

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| FREDRICK LEE AVERETTE, A.K.A. FREDRICK LEE AVERETTE, JR., | § | |
| | § | No. 08-21-00067-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 405th District Court |
| THE STATE OF TEXAS, | § | |
| | § | of Galveston County, Texas[1] |
| Appellee. | § | |
| | § | (TC# 13CR2940) |
| | § | |

**MEMORANDUM OPINION**

Fredrick Lee Averette is attempting to appeal his conviction for sexual assault of a child. Finding that Appellant did not timely file his notice of appeal, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996) (en banc). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days

---

[1] We hear this case on transfer from the Fourteenth Court of Appeals in Houston. *See* TEX.R.APP.P. 41.3.

after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX.R.APP.P. 26.2(a)(1), (2). While a court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the extension motion must be filed within fifteen days after the deadline for filing the notice of appeal. *See* TEX.R.APP.P. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Here, the trial court entered the judgment of conviction on April 7, 2015. Appellant filed this notice of appeal on March 9, 2021. The notice of appeal was not timely filed, meaning that this Court does not have jurisdiction to entertain a direct appeal from his conviction at this point in time.[2] To the extent Averette is requesting the remedy of an out-of-time appeal, only the Texas Court of Criminal Appeals has jurisdiction to grant Appellant an out-of-time appeal of his felony convictions. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex.Crim.App. 1991) (orig. proceeding) (en banc) (explaining that writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

Accordingly, we dismiss this appeal for lack of jurisdiction.


                                             JEFF ALLEY, Justice

June 22, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

---

[2] The clerk's record does show that Averette filed a petition for writ of habeas corpus on October 6, 2020. However, there is no indication the trial court ever ruled on this application. As such, the judgment of conviction is the only final appealable judgment appearing before us in the record.